HEATH *v.* VANSICKLE.

PARTNERSHIP—ACCOUNTING—SECRET PROFIT.

Partner, who purchased copartner's interest in business after disclosing to him negotiations for its sale to competitor, may not be required to account for proceeds of said sale at suit of copartner's executor; copartner never having made complaint that he had not received fair treatment in matter.

Appeal from Ionia; Hawley (Royal A.), J. Submitted January 5, 1932. (Docket No. 7, Calendar No. 35,994.) Decided March 2, 1932.

Bill by William B. Heath, executor, against Joseph VanSickle for an accounting of partnership dealings. Upon death of defendant, suit was revived as to William VanSickle, administrator. Bill dismissed. Plaintiff appeals. Affirmed.

*Glenn D. Mathews,* for plaintiff.

*Eldred & Gemuend,* for defendant.

SHARPE, J. Some time prior to September 25, 1907, Isaac P. Hoag and Joseph VanSickle entered into a copartnership agreement under the firm name of Hoag & VanSickle for the purpose of supplying the people of the city of Ionia with ice. They entered into a land contract for the purchase of a property then in use for that purpose, and engaged in the business, each contributing one-half of the required capital, and each to share equally in the profits and losses. They had practically a monopoly until the year 1921, when R. L. Redemsky established a plant in the city for the purpose of manufacturing and supplying artificial ice to its residents. The result of the competition was that both lost money; the loss to the partnership being about $7,000. It determined to quit the business, and in the winter of 1924-5 stored no ice. Some time before Christmas of that year, Hoag stated to Charles Presley that he was going to make a proposition to VanSickle to sell his interest in the partnership business to him. Presley testified that he was present at a conference between them, in which each offered to sell to the other for $1,500. Soon after, Redemsky proposed that they combine their interests in the ice business.

This was not accepted. VanSickle, however, probably as a result of Redemsky's proposition, asked Hoag if his offer to sell his interest for $1,500 held good, and on receiving an answer that it did, he gave Hoag his note for this amount. There was then talk about a bill of sale, but none appears to have been executed. Some time thereafter, Redemsky sought to rent the ice property from VanSickle, but they could not agree upon terms. Redemsky thereupon asked VanSickle what he would take for the property, and, after some negotiations, the sum of $28,000 was agreed upon and the contract interest in the property assigned to Redemsky. VanSickle thereafter paid to Hoag the amount of the promissory note given him on the purchase.

The trial court found that VanSickle had informed Hoag at the time of his purchase of his negotiations with Redemsky, although no price had then been talked of. He also found that Hoag knew of the sale to Redemsky soon after it was made, and expressed himself as pleased that it had resulted in benefit to VanSickle. The evidence supports these findings.

It also appears that Hoag lived until the 13th day of January, 1928, and made no complaint to any one that he had not received fair treatment in the matter.

The bill of complaint was filed herein on June 30, 1930, by Hoag's executor for an accounting. VanSickle made answer, denying the material allegations in the bill. After the hearing, he also passed away, and the cause was revived as to the administrator of his estate.

The trial court, after stating the applicable rules of law, quoted the following from the syllabus in *Johnson* v. *Ironside,* 249 Mich. 35:

"Each member of group or association of individuals united for purpose of prosecuting joint or com-

mon enterprise owes to every other member thereof duty of fair, open, and honest disclosure, and no member may, by connivance, deceit, or suppression of facts, within the right, or to the advantage of every other member to know, procure or accept secret profits, commissions, or rebates to disadvantage of coadventurers.''

He found no violation thereof on the part of Van Sickle, and dismissed the bill of complaint. The facts as stated show that he was clearly right in so doing.

The decree is affirmed, with costs to appellee.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.